HEIRS OF MANUEL ASTASIO, Plaintiffs and Appellants, *v.* UNKNOWN HEIRS OF CELESTINO LANZA ET AL., Defendants and Appellees.

No. 4043. Argued February 1, 1927.—Decided July 20, 1927.

*Francisco Cervoni Gely* for the appellants. *González Fagundo &
González Jr.* for appellee José Toro Ríos.

Mr. Justice Wolf delivered the opinion of the court.

We are quite agreed with the appellees that the brief of
the appellant is defective in not presenting a fuller state-
ment of the case. The court below filed a long opinion which
is summarily treated or ignored in the brief of the appellant.
The attack of the appellant is on a proceeding leading to a
judicial sale that took place in 1896. Although we shall not
discuss the question, there is a fair probability that the court
below and the appellees are right when they maintain that
the proceedings that led up to the judgment and sale there-
under in 1896 were either correct or their defects could only
be of avail to parties not now before the court. More than
this, however, we agree with the court and the appellees that
the purchaser under the judicial sale was protected against
a collateral attack and that the defendant José Toro Ríos
has been in possession of the disputed land for more than
ten years in good faith and with a just title. The case of
*González v. Anglada,* 33 P.R.R. 980, and the cases cited
therein are applicable to the various propositions that we
shall consider.

Manuel Astasio Carrillo died on the 13th of October, 1893.
According to the brief of the appellant his succession (*sic*)
was sued by Antonio Oms on a promissory note amounting
to $282.50, and the property in this suit attached and sold.
These were the proceedings impugned by the appellant. The
property was adjudicated to the creditor Oms. The latter
transferred the adjudicated lands or his rights thereto to
Celestino Lanza, to whom the decree of sale was made. Celes-
tino Lanza acquired a title which we are inclined to think
could not be attacked in a collateral suit. His vendor ap-

parently had a just title under an adjudication of a competent court. All this supposing the judgment and sale defective.

This suit is not against Celestino Lanza but against José Toro Ríos. Formally a deed to the property was executed by the former to the latter in 1906, but the evidence tended to show that José Toro Ríos acquired the property from Lanza in 1899. Along with other property in 1903 José Toro Ríos obtained and recorded a dominion title to the same real estate.

Under these circumstances even though Celestino Lanza had an imperfect title it was a just one so far as José Toro Ríos was concerned. The latter acquired a complete title by prescription for more than ten years. *Cruzado* v. *López Ballester*, 26 P.R.R. 148.

The appellant made some point on the fact that José Toro Ríos was the Registrar of Property during the time that the property was sold at the judicial sale and up to the time that he, José Toro Ríos, bought it. We think a registrar of property may acquire property like any one else, even though some deed automatically passing through his hands would perhaps have shown a lack of title. The plaintiff was bound to show actual knowledge of defects on the part of José Toro Ríos if they existed.

The judgment appealed from will be affirmed.

Mr. Justice Aldrey took no part in the decision of this case.